IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. : 1:12 CV 163 |
| Plaintiff, | ) ) | |
| v. | ) ) | COMPLAINT |
| THE ARC OF NORTH CAROLINA, INC., | ) ) | |
| Defendant. | ) ) | JURY TRIAL DEMAND |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, female, and to provide appropriate relief to R. Biggers ("Biggers"), who was adversely affected by such practices. As alleged with greater particularity below, the U.S. Equal Employment Opportunity Commission ("the Commission") alleges that Defendant, The Arc of North Carolina ("Defendant"), subjected Biggers to a hostile work environment because of her sex, female.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of North Carolina.

## PARTIES

3. Plaintiff is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII of the Civil Rights Act of 1964, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a North Carolina non-profit corporation doing business throughout the state of North Carolina, and has continuously employed at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Biggers filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. From around July 2008 until September 2010, Defendant engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1) by subjecting Biggers to harassment based on her sex, female.

8. More particularly, Defendant hired Biggers as a Support Broker in or about January 2008. Starting in or about July 2008, and continuing until September 2010, Biggers was subjected to unwelcome sexual harassment on a frequent basis from a third party that occurred while Biggers was working and involved unwanted sexual comments and unwanted physical touching. Biggers complained to Defendant's managers and/or supervisors about the

harassment. As such, Defendant knew or should have known about the harassment, but did not take immediate corrective action to stop or prevent the harassing conduct.

9. The effect of the practices complained of above has been to deprive Biggers of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex, female.

10. The unlawful employment practices complained of above were intentional.

11. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Biggers.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice that discriminates on the basis of sex.

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Biggers whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to, medical expenses, in amounts to be determined at trial.

D. Order Defendant to make Biggers whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

E. Order Defendant to pay Biggers punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

G. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 16th day of February, 2012.

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
Equal Employment Opportunity Commission
131 M Street, N.E.
Washington, D.C. 20507

LYNETTE A. BARNES (NC Bar #19732)
Regional Attorney

TINA BURNSIDE
Supervisory Trial Attorney

/s/ Randall D. Huggins
RANDALL D. HUGGINS (OK Bar #17875)
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, N.C. 28202
Telephone: 704.954.6470

4

Facsimile: 704.954.6412
Email: randall.huggins@eeoc.gov

ATTORNEYS FOR PLAINTIFF